# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIO-RAD LABORATORIES, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>        Plaintiffs,<br><br>  v.<br><br>10X GENOMICS, INC.,<br><br>        Defendant. | C.A. No. 1:19-cv-12533-WGY |
| 10X GENOMICS, INC.,<br><br>        Counterclaim Plaintiff,<br><br>  and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Counterclaim Co-Plaintiff as to certain claims,<br>  v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>        Counterclaim Defendant,<br><br>  and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Counterclaim Co-Defendant as to DJ counterclaims. | |

## MEMORANDUM IN SUPPORT OF 10X GENOMICS, INC.'S MOTION TO EXTEND FACT DISCOVERY

**TABLE OF CONTENTS**

I.      INTRODUCTION.............................................................................................1

II.     ARGUMENT ....................................................................................................4

      A.     An Extension Is Warranted Because The Parties' Discovery Disputes Remain Pending, And Bio-Rad's Failure To Even Produce Agreed-Upon Discovery In Advance Of Depositions Is Highly Prejudicial To 10X ...................................4

      B.     Harvard Does Not Oppose This Extension—Which Is Warranted Because Harvard's Email and Non-Email Productions Remain Outstanding And Harvard's Witnesses Are Not Available Until After The Current Fact Discovery Deadline ................................................................................6

      C.     An Extension Is Warranted Because Bio-Rad Has Improperly Interfered With And Delayed Third-Party Productions .................................................................7

III.    CONCLUSION ................................................................................................8

## I.     INTRODUCTION

At the Court's request, the parties submitted a joint discovery statement presenting all then-known discovery disputes on August 12 (ECF No. 141). In that statement, Bio-Rad agreed to produce certain discovery and contested others. Since that filing, Bio-Rad has adopted a strategy of refusing to provide (1) discovery it had previously agreed to produce, and (2) discovery where the parties await the Court's resolution. Bio-Rad has even improperly interfered with and delayed productions by third parties. Bio-Rad's strategy is obvious: refuse discovery and run out the clock. Bio-Rad is counting on the fact that by the time the Court resolves the pending disputes, and by the time the commitments on which Bio-Rad has more recently reneged are presented to the Court, fact discovery will be over, expert reports will be in, and it will be too late to do anything about it without upending the case schedule that the Court has expressed a strong intention to keep on track. Bio-Rad's strategy should not be legitimized.

10X moves for an order extending the close of fact discovery from October 9, 2020, until forty-five (45) days following the Court's ruling on the parties' pending discovery disputes (*see* Joint Discovery Statement, ECF No. 141) and to modify the dates set forth in the Scheduling Order accordingly. Once the Court issues the order regarding the Joint Discovery Statement, the parties would then propose a revised case schedule. Harvard does not oppose this motion. Bio-Rad does.

There is good cause for this extension. Fact discovery is currently scheduled to close on October 9, eight business days from today. 10X has worked diligently, proactively, and in good faith to comply with the Court's deadline. 10X has already taken several depositions where it could reasonably proceed without Bio-Rad's documents. However, 10X noticed eight additional depositions of Bio-Rad and Harvard witnesses which do depend on receipt of the pending email discovery and other discovery that awaits the Court's resolution of pending disputes.

A principal dispute holding up productive completion of fact discovery is the dispute over e-mail production and custodians. *See* ECF No. 141 at 40, 58, 69, 82, 86-87. Bio-Rad has refused to produce **any e-mail specific to this case.** It is fundamentally prejudicial to require 10X to proceed with the noticed depositions without Bio-Rad having produced highly relevant categories of documents and **without Bio-Rad having produced any email specific to this case**, and it is also inequitable to foreclose 10X's ability to take depositions of any additional email custodians pending the Court's resolution of the parties' disputes. Moreover, Bio-Rad has failed to produce documents it agreed to produce months ago, despite the substantial completion date having elapsed 38 days ago. And Bio-Rad refuses to commit to a date certain when it will produce those documents still. As examples, notwithstanding its prior representations, Bio-Rad has failed to produce documents reflecting (1) the key agreement Bio-Rad entered into attempting to license the very patents 10X asserts in this case, (2) Bio-Rad's own alleged manufacturing capacity to replace 10X, which is relevant to Bio-Rad's alleged lost profits, and (3) Bio-Rad's use of fluorinated surfactants, which are a key feature of the asserted claims. Choosing not to intervene would do substantially more harm and would lead to injustice and error than a brief extension to fact discovery tied to the Court's resolution of these issues that likely will not affect when this case will go to trial under the present circumstances.[1]

Bio-Rad opposes the extension to fact discovery now but somehow suggests that the parties will conduct additional fact discovery after the Court has ruled on the pending discovery disputes although fact discovery will have closed. That does not work and is not in line with this Court's scheduling order. Even if the Court issued its order tomorrow, email discovery would likely not

---

[1] Given the circumstances caused by the worldwide COVID-19 pandemic, in his September 16, 2020, update on trials in this District, the Chief Judge stated that criminal cases will be tried first in order of age and simplicity and that all trial dates are centrally planned.

be complete until about a month later and thus most likely after opening expert reports. Thus, Bio-Rad's approach would lead to waste of the parties' and the Court's resources through supplements to expert reports and the need to re-depose multiple witnesses. This will not only be needlessly expensive, but it will be time consuming and—ultimately—the schedule will have to be adjusted. It is far more reasonable to adjust the schedule now before the waste and expense have occurred.

By contrast, the extension that 10X seeks is tailored narrowly based on practical considerations. Forty-five additional days after the Court rules on the parties' discovery disputes provides a first thirty days for Bio-Rad to produce email from multiple witnesses regardless which of the disputed proposals the Court adopts and any additional non-email that Bio-Rad has agreed but failed to produce and that which the Court orders it to produce. The production of emails requires their collection from custodians to the extent the Court orders production from custodians other than the five 10X previously identified, the exchange and agreement on search terms for those custodians, and then Bio-Rad's review of the potentially privileged emails and their attachments and the logging of the privileged documents for all custodians. Once Bio-Rad has produced emails, which Bio-Rad should do on a rolling basis once the Court's order issues, another fifteen days is required to provide 10X sufficient time to review the produced emails and depose Bio-Rad's email custodians. Bio-Rad does not dispute that additional discovery will have to happen after the Court's order and does not dispute that it has not completed the productions it has previously agreed to provide.

The extension also provides needed additional time for Harvard, which does not oppose this extension, to complete its email and non-email document productions and schedule deponents that Harvard has confirmed it cannot offer for deposition during the remaining fact discovery period.

## II.    ARGUMENT

Despite 10X's diligence, the modest extension is necessary to avoid unfair prejudice from issues outside of 10X's control, including: (A) Bio-Rad's failure to provide agreed-upon discovery and the parties' outstanding disputes concerning the scope of email discovery, and relatedly several additional and important discovery disputes presented in the parties' joint discovery filing that are pending the Court's decisions; (B) Harvard's outstanding email and non-email productions and the unavailability of its witnesses to be deposed after Harvard completes its productions but within the current period of fact discovery; and (C) the delay of third-party productions caused by Bio-Rad's improper interference and baseless privilege claims.

### A.    An Extension Is Warranted Because The Parties' Discovery Disputes Remain Pending, And Bio-Rad's Failure To Even Produce Agreed-Upon Discovery In Advance Of Depositions Is Highly Prejudicial To 10X

Bio-Rad's failure to produce the scope of non-email discovery on key issues of the case, such as damages, invalidity, and antitrust, that it agreed to provide in its own proposals before this Court in the joint discovery statement and in its discovery responses is unfairly prejudicial to 10X. *See, e.g.*, ECF No. 141; Exs. A, B, C. Indeed, during meet and confer on September 28, days away from the close of fact discovery on October 9, Bio-Rad confirmed that it was still working on locating and producing documents—despite 10X's document requests having been pending for months. In addition, Bio-Rad has produced no email discovery and has stated that it will not do so unless 10X agrees to conduct the discovery only within the narrow confines that Bio-Rad created, which is unworkable and one-sided. *See* Ex. D at 2 (stating that Bio-Rad has only collected email for the "4 agreed upon ESI custodians and has repeatedly requested that 10X propound reasonable terms for ESI searching."). Bio-Rad itself seeks to offer one of its witnesses, Ms. Tumolo, outside the period for fact discovery. Ex. D at 10. Bio-Rad's delay alone demands an extension.

In addition to Bio-Rad's failure to provide email even for the agreed-upon custodians, the Court's resolution of the parties' disputes will affect the number and identity of additional custodians and any resulting depositions. *See* ECF No. 141 at 40, 58, 69, 82, 86-87. Bio-Rad should not be permitted to leverage the pendency of the Court's resolution of those disputes to prevent 10X from using these documents by being forced to proceed with depositions, including those of the email custodians, without them during the two weeks left in fact discovery. Nor should 10X be precluded from being able to depose additional custodial witnesses should the Court adopt 10X's positions. 10X's requested extension dispels this prejudice without adding any undue delay and will allow for a proper and informed disposition of this case for trial.

As one example, Bio-Rad's license and relationship with 1CellBio will likely feature prominently in 10X's damages contentions. *See* ECF No. 141 at 17. 10X has served on Bio-Rad a Rule 30(b)(6) deposition topic on this subject. Not only has Bio-Rad not designated a witness on this topic, Bio-Rad refused in meet and confer on September 28 to even provide a date certain when it will produce documents related to 1CellBio responsive to several of 10X's RFPs. Bio-Rad has also refused to produce relevant documents related to licensing negotiations concerning 1CellBio unless they are located pursuant to an email custodial request, which means Bio-Rad will not produce any of them until the Court rules on the pending disputes. ECF No. 141 at 115. 10X will be prejudiced if it is forced to proceed with any deposition concerning 1CellBio without the relevant non-email and email discovery from Bio-Rad. This is exemplary of Bio-Rad's delay over many other categories of documents related to key remedies issues where Bio-Rad has agreed but failed to produce documents. *See* Ex. B at 1-7 (concerning, *e.g.*, 10X's RFP Nos. 4, 74, 76-82, 86, 90, 92, 95, 99, 102, 116, 150, 152, 153, 245, 258-260, 265, and 310).

In addition, several other important disputes presented by the parties' joint discovery statement remain pending before this Court, including Issues 4-9, 15-16, 18-19, 28-29, and 31-33 where 10X has sought the Court's expedited consideration. ECF No. 157. These important areas include the scope of licenses Bio-Rad must produce; licensing negotiations, including licenses Bio-Rad contends are comparable; Bio-Rad's RainDance and Lawrence Livermore licensing negotiations relating to patents-in-suit or prior art patents; and Bio-Rad's improper date or scope restrictions in response to 10X's RFPs. ECF No. 141 at 106-07, 123, 125, 162-63. Beyond those for which 10X sought expedited review, several other important issues also remain pending before this court, including Bio-Rad's refusal to re-produce the transcript of Norman Schwartz's deposition from the Paladin litigation relating to, among other things, a license that is highly relevant to this case; and Bio-Rad's acquisitions of genetic analysis companies. *Id.* at 120, 139, 145, 149, 152. Bio-Rad's refusal to collect and produce documents subject to these disputes additionally justifies 10X's request for a forty-five day extension keyed off of their resolution by this Court.

### B.      Harvard Does Not Oppose This Extension—Which Is Warranted Because Harvard's Email and Non-Email Productions Remain Outstanding And Harvard's Witnesses Are Not Available Until After The Current Fact Discovery Deadline

Harvard does not oppose 10X's requested extension. Despite 10X's diligence, Harvard has not yet produced any email or completed its non-email productions and can only make its witnesses available for deposition after the current fact discovery period ends. Ex. E (Harvard's September 28, 2020, email seeking agreement to take the depositions of Dr. Weitz and Mr. Gordon "outside the current close of fact discovery"). This is an independent reason that also warrants the requested extension.

### C.      An Extension Is Warranted Because Bio-Rad Has Improperly Interfered With And Delayed Third-Party Productions

10X has served document and/or deposition subpoenas on several third parties, many of which are being represented by the Weil Gotshal law firm, presumably at the direction of Bio-Rad. Several third parties have delayed their production of documents despite 10X's diligence. Bio-Rad's interference has also caused prejudicial delay and provides good cause for the extension. 10X's subpoena to Grant Thornton provides just one example. Bio-Rad withheld for supposed privilege review third-party Grant Thornton's entire production that was ready to be produced to 10X on August 4 for over three weeks, despite 10X's repeated requests for the production and the basis of Bio-Rad's supposed privilege claims, and Bio-Rad has continued to withhold a document on an improper assertion of privilege. Ex. F. As will be described at further length in 10X's forthcoming motion to compel, this document that the record that has now been produced reflects is highly relevant to and likely contradictory of Bio-Rad's remedies case. However, Bio-Rad's privilege claim is deficient for a number of reasons, including because it is based on information that has shifted over two privilege logs—either version of which appears to be wrong—and because the subject document was prepared for accounting purposes and not to obtain legal advice.

In addition, Bio-Rad's counsel improperly sought to delay the productions by several third parties until after this Court had resolved Bio-Rad's motion to dismiss 10X's antitrust claims, causing further delay and prejudicing 10X's ability to finalize its fact discovery within the currently scheduled period. *E.g.*, Exs. G (third party explaining that "I have been in contact with counsel for Bio-Rad, and I now understand that . . . (3) your client's antitrust claims, which are the basis for the subpoena served on my client, are the subject of a pending motion to dismiss."), H. Bio-Rad's attempt to not only delay its own discovery but also that of several third parties further demands the Court's extension of the fact discovery period.

## III.    CONCLUSION

Bio-Rad seeks exorbitant royalties and an injunction in this case and Bio-Rad's delay in providing necessary discovery should not be a tool used to prevent 10X from proving its antitrust claims or its patent defenses. Despite 10X's diligence and best efforts, Bio-Rad has delayed and interfered with the discovery process, necessitating an extension of the fact discovery period. Harvard does not oppose this extension. For the reasons stated above, 10X respectfully moves the Court to extend the close of fact discovery until forty-five (45) days after the Court rules on the parties' joint discovery statement (ECF No. 141) and to modify the dates set forth in the Scheduling Order accordingly. Once the Court issues the order regarding the Joint Discovery Statement, the parties would then propose a revised case schedule to the Court.

Date: September 29, 2020

Respectfully submitted,


/s/   *Azra M. Hazimehmedovic*

Matthew D. Powers (*pro hac vice*)
Paul T. Ehrlich (*pro hac vice*)
Stefani C. Smith (*pro hac vice*)
Robert L. Gerrity (*pro hac vice*)
Jennifer K. Robinson (*pro hac vice*)
Natasha M. Saputo (*pro hac vice*)
Gina Cremona (*pro hac vice*)
Utsav Gupta (*pro hac vice*)
Daniel Radke (*pro hac vice*)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:     (650) 802-6000
Facsimile:     (650) 802-6001
10x_BR_MA_Service@tensegritylawgroup.com

Sarah Chapin Columbia (BBO #550155)
Katrina Rogachevsky (BBO #691373)
Annabel Rodriguez (BBO #696001)
MCDERMOTT WILL & EMERY LLP
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116-5021
Telephone:     (617) 535-4000
Facsimile:     (617) 535-3800
10X-BR-MWE@mwe.com

Leah Brannon (*pro hac vice*)
Kenneth Reinker (*pro hac vice*)
CLEARY GOTTLIEB
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone:     (202) 974-1500

Azra M. Hadzimehmedovic (*pro hac vice*)
Aaron M. Nathan (*pro hac vice*)
Samantha A. Jameson (*pro hac vice*)
Kiley White (*pro hac vice*)
TENSEGRITY LAW GROUP, LLP
8260 Greensboro Drive, Suite 260
McLean, VA 22102
Telephone:     (703) 940-5033
Facsimile:     (650) 802-6001
10x_BR_MA_Service@tensegritylawgroup.c
om

*Counsel for 10X Genomics, Inc.*

Facsimile:     (202) 974-1999
Team-10x-Genomics-Litigation-
CGSHOnly@cgsh.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 29, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will issue an electronic notification of filing to all counsel of record.

*/s/ Azra M. Hadzimehmedovic*
Azra M. Hadzimehmedovic