# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIO-RAD LABORATORIES, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>  Plaintiffs,<br><br> v.<br><br>10X GENOMICS, INC.,<br><br>  Defendant. | C.A. No. 1:19-cv-12533-WGY |
| 10X GENOMICS, INC.,<br><br>  Counterclaim Plaintiff,<br><br> and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>  Counterclaim Co-Plaintiff as to certain claims,<br><br> v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>  Counterclaim Defendant,<br><br> and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>  Counterclaim Co-Defendant as to DJ counterclaims. | |

**10X GENOMICS, INC.'S REPLY IN SUPPORT OF 10X GENOMICS, INC.'S
MOTION TO EXTEND FACT DISCOVERY**

Until the Court rules on the pending important disputes and unless the Court enters a reasonable extension to the current fact discovery deadline, discovery will not proceed in the manner that is not prejudicial to 10X or contrary to Fed. R. Civ. P. 1. Bio-Rad's conduct, as detailed below, is designed to use the pending discovery disputes to force premature depositions to be conducted before production of critical documents, and to block vast amounts of highly relevant discovery (some of which Bio-Rad had already agreed to provide and represented to the Court it would provide) in the hope that the clock would run out without rulings on the key discovery disputes.

Contrary to Bio-Rad's allegations, 10X is proceeding in a disciplined manner seeking discovery to prove its claims and respond to Bio-Rad. 10X has taken short targeted depositions seeking key relevant evidence. 10X has been focused and deliberate in its discovery requests, including those of third parties. To date, eight third parties (seven of whom are former Bio-Rad, RainDance, and Harvard employees) have been deposed with the average deposition time under two and a half hours. These brief depositions have revealed key information never revealed in prior litigations. These depositions have also resulted in minimal subsequent subpoenas. For example, 10X's recent subpoena to Kathy Ordonez, RainDance's former CEO, which Bio-Rad referenced, *see* ECF 177 at 5, was served only after documents produced by a third party—and previously withheld by Bio-Rad—disclosed specific statements by Ms. Ordonez necessitating her testimony. This simply shows 10X is making a good faith effort to proceed with discovery only as necessary.

The sensible approach is to extend discovery so that all disputes can be resolved and relevant documents produced thereafter, and then the remaining depositions that depend on those documents can be taken.

Bio-Rad again attempts to rely on the argument that productions from previous litigations can satisfy its obligations here. *See* ECF 177 at 4; ECF 141 at 7-8, 67-71. But, if anything, these productions cannot repair the deficiencies in this case that necessitate the extension but instead reveal that Bio-Rad had improperly withheld key documents from the productions in those prior litigations. 10X has recently obtained third-party productions of Bio-Rad's and RainDance's information and related testimony about key issues that had been withheld from discovery in a prior case that shows that Bio-Rad's key contentions were not truthful or complete.[1] Bio-Rad's incomplete productions from earlier litigations exemplify the need for an extension of the discovery period (1) to ensure that productions are complete and (2) to allow the Court time to rule on the discovery disputes and the parties time to comply.

Further, despite Bio-Rad's interference with third party productions, Bio-Rad now seeks to improperly rely upon those third party productions to substitute for its own discovery. 10X requested relevant discovery from Bio-Rad related to Bio-Rad's own licenses with 1CellBio (including to the patents-in-suit) and Bio-Rad's investment in 1CellBio. Bio-Rad asserts that documents from a state court case produced by 1CellBio in response to a subpoena to 1CellBio satisfy Bio-Rad's obligations. *See* ECF 177 at 5 ("1CellBio has provided its entire production from that litigation in this case."). Bio-Rad's reliance on the state case documents is misplaced because Bio-Rad was not a party and the discovery from Bio-Rad was not produced; presumably at Bio-Rad's insistence, Bio-Rad's name could not be uttered during trial. As explained in 10X's motion, these documents are central to 10X's damages models. *See* ECF 176 at 7.

---

[1] Should the Court want to review this evidence, 10X will submit it but it is presently designated as Bio-Rad's confidential material.

2

Even where the parties seem to have reached agreement, Bio-Rad's ever shifting positions, including toward Rule 30(b)(6) topics and the cross-use of Stilla's production, undo those efforts. Bio-Rad has designated witnesses for 30(b)(6) topics, then subsequently completely changed the scope of those designations including by withdrawing the witnesses on the eve of the witnesses' testimony, and refusing to designate any witness at all on key topics—including the very same remedies topic Bio-Rad served on 10X. As a result, Bio-Rad has taken corporate testimony and will be taking discovery from 10X that it has refused to provide itself.

Bio-Rad complains in its response that 10X has not offered a date for the deposition of its CEO, Serge Saxonov. *See* ECF 177 at 2. But contrary to Bio-Rad's unpredictable backtracking, 10X has consistently stated that Serge Saxonov's deposition availability was contingent upon Bio-Rad making its CEO—Norman Schwartz—available for deposition, but Bio-Rad has refused. *See* ECF 141 at 57-58; Sept. 12, 2020 J. Robinson email to Bio-Rad's counsel. That is one of the key issues pending before the Court. ECF 141 at 40-58. Further, despite submission of a joint discovery cross-use stipulation to this Court by which productions from 10X and Stilla cases are being produced and used in both cases, *id.* at 199, Bio-Rad has reneged on that agreement, and without disclosing its noncompliance with the stipulation, withheld the production of email discovery that it had produced to Stilla for the key witnesses in 10X's case. *See* Oct. 6, 2020 J. Constant email to 10X's counsel. Discovery cannot continue like this. An extension is necessary to resolve the discovery disputes and to ensure the relevant and necessary information is produced.

Date: October 8, 2020

Respectfully submitted,

/s/   *Azra M. Hazimehmedovic*

| | |
|---|---|
| Matthew D. Powers (*pro hac vice*) | Sarah Chapin Columbia (BBO #550155) |
| Paul T. Ehrlich (*pro hac vice*) | Katrina Rogachevsky (BBO #691373) |
| Stefani C. Smith (*pro hac vice*) | Annabel Rodriguez (BBO #696001) |
| Robert L. Gerrity (*pro hac vice*) | MCDERMOTT WILL & EMERY LLP |
| Jennifer K. Robinson (*pro hac vice*) | 200 Clarendon Street, Floor 58 |
| Natasha M. Saputo (*pro hac vice*) | Boston, Massachusetts 02116-5021 |
| Gina Cremona (*pro hac vice*) | Telephone:    (617) 535-4000 |
| Utsav Gupta (*pro hac vice*) | Facsimile:    (617) 535-3800 |
| Daniel Radke (*pro hac vice*) | 10X-BR-MWE@mwe.com |
| TENSEGRITY LAW GROUP, LLP | |
| 555 Twin Dolphin Drive, Suite 650 | Leah Brannon (*pro hac vice*) |
| Redwood Shores, CA 94065 | Kenneth Reinker (*pro hac vice*) |
| Telephone:    (650) 802-6000 | CLEARY GOTTLIEB |
| Facsimile:    (650) 802-6001 | 2112 Pennsylvania Avenue, NW |
| 10x_BR_MA_Service@tensegritylawgroup.com | Washington, DC 20037 |
| | Telephone:    (202) 974-1500 |
| | Facsimile:    (202) 974-1999 |
| Azra M. Hadzimehmedovic (*pro hac vice*) | Team-10x-Genomics-Litigation-CGSHOnly@cgsh.com |
| Aaron M. Nathan (*pro hac vice*) | |
| Samantha A. Jameson (*pro hac vice*) | |
| Kiley White (*pro hac vice*) | |
| TENSEGRITY LAW GROUP, LLP | |
| 8260 Greensboro Drive, Suite 260 | |
| McLean, VA 22102 | |
| Telephone:    (703) 940-5033 | |
| Facsimile:    (650) 802-6001 | |
| 10x_BR_MA_Service@tensegritylawgroup.com | |

*Counsel for 10X Genomics, Inc.*

4

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 8, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will issue an electronic notification of filing to all counsel of record.

*/s/ Azra M. Hadzimehmedovic*
Azra M. Hadzimehmedovic
