**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BIO-RAD LABORATORIES, INC.<br><br>  Plaintiff,<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>  Co-Plaintiff as to certain claims,<br><br>  v.<br><br>10X GENOMICS, INC.,<br><br>  Defendant. | Civ. No. 1:19-cv-12533-WGY<br><br>**DEMAND FOR JURY TRIAL** |
| 10X GENOMICS, INC.,<br><br>    Counterclaim Plaintiff,<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>  Counterclaim Co-Plaintiff as to certain claims,<br><br>  v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>  Counterclaim Defendant,<br><br>  and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>  Counterclaim Co-Defendant as to DJ counterclaims. | |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT BIO-RAD LABORATORIES, INC.'S RESPONSE TO 10X'S REQUEST FOR A STATUS CONFERENCE**

10X's alarmist request for an immediate status conference contains several misconceptions, and Bio-Rad submits this response to correct the record.  While Bio-Rad is always willing to participate in a status conference should the Court deem it helpful, there is no emergency and an immediate conference is not warranted.  At a minimum, the Court should have an accurate understanding of case status in advance of any conference.

The Court has given this case ample attention, and this case is on-track for trial on the previously ordered dates. 10X's demand for immediate court attention is simply overzealous advocacy that has become all too characteristic of 10X in this case.  10X's, co-defendant, Stilla, does not even join 10X's request for a status conference.

1. 10X complains that there is no protective order.  Not so.  A protective order is in place that the parties have been operating under for the last 10 months.[1]  ECF No. 66.

2. 10X complains that there is no schedule.  Again, not so.  Both the consolidated Stilla and 10X cases have been proceeding on the agreed upon dates for the patent case based upon the trial dates that were set at the most recent status conference, which was held just a few months ago on July 31, 2020.   Even 10X acknowledged the discovery cut-off dates are agreed-upon.

3. 10X complains that there has been no *Markman* order.  In fact, the Court recently held a *Markman* hearing and issued several rulings from the bench.  The Court has informed the parties that these rulings constitute its claim construction order and that additional issues are under advisement.  *See* ECF No. 168.  The parties have sufficient guidance on claim construction to complete expert reports.  A comprehensive claim construction order is not necessary to complete discovery.  *Ballard Med. Products v. Allegiance Healthcare Corp.,* 268 F.3d 1352, 1358 (Fed.

---

[1] The parties submitted a ***joint motion*** to amend the protective order on August 24, 2020. ECF No. 152.  Although this Court has not yet entered this order, there is no basis for 10X's assertion that the original protective order is not in effect.

Cir. 2001) ("*Markman* does not require a district court to follow any particular procedure in conducting claim construction. It merely holds that claim construction is the province of the court, not a jury. To perform that task, some courts have found it useful to hold hearings and issue orders comprehensively construing the claims in issue. Such a procedure is not always necessary, however.").

4. 10X complains that fact discovery is not complete. This case, however, simply presents the typical situation where loose ends are being tied up after the fact discovery deadline. So far, the parties have taken an astounding 40 depositions and have exchanged written discovery and documents. As Bio-Rad has explained, there have been six previous litigations between Bio-Rad and 10X in which they have exchanged over two million pages of documents, all of which are available for use in this case.

5. To be sure, 10X has raised several meritless disputes in pursuit of overbroad, disproportionate discovery. *See, e.g.*, ECF No. 39 at 2-4; ECF No. 141 at 7-20, 37-89, 106-27, 162-83; ECF No. 180. But none of these disputes impact the parties' ability to proceed or warrant emergency attention, and several of them are not even fully briefed with oppositions as 10X recently raised them. *See* ECF Nos. 180, 182. To the extent 10X is having difficulties completing expert reports by the current deadline, this is a problem of its own making, as it has chosen to pursue disproportionate discovery, including, for instance, an extraordinary 35 third-party subpoenas.

In sum, rather than raising even more disputes and seeking delay, 10X should focus on getting this case ready for summary judgment and trial.

Dated: October 18, 2020                    Respectfully submitted,

*/s/ Justin L. Constant*
**WEIL, GOTSHAL & MANGES LLP**
Garland Stephens (admitted *pro hac vice*)
Justin L. Constant (admitted *pro hac vice*)
700 Louisiana Street, Suite 1700
Houston, TX 77002
(713) 546-5011
(713) 546-5217
garland.stephens@weil.com
justin.constant@weil.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3934
(650) 802-3022
edward.reines@weil.com
derek.walter@weil.com

Eric S. Hochstadt (admitted *pro hac vice*)
Xiaoxi Tu (admitted *pro hac vice*)
Scott T. Christopher (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
(212) 310-8583
eric.hochstadt@weil.com

**BIRNBAUM & GODKIN, LLP**
David S. Godkin (BBO # 196530)
James E. Kruzer (BBO #670827)
280 Summer Street
Boston, MA 02210
(617) 307-6110
(617) 307-6131
godkin@birnbaumgodkin.com
kruzer@birnbaumgodkin.com

*Counsel for Plaintiff and Counterclaim Defendant Bio-Rad Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 18th day of October 2020, I electronically filed the foregoing: Plaintiff and Counterclaim Defendant Bio-Rad Laboratories, Inc.'s Response to 10X's Request for a Status Conference with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this case.

                                                 /s/ *Justin L. Constant*
                                                   Justin L. Constant