IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIO-RAD LABORATORIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> 10X GENOMICS, INC., <br><br> Defendant. | Civil Action No. 1:19-cv-12533-WGY <br><br> **DEMAND FOR JURY TRIAL** |
| 10X GENOMICS, INC., <br><br> Counterclaim Plaintiff, <br><br> and <br><br> Counterclaim Co-Plaintiff as to certain claims, <br><br> v. <br><br> BIO-RAD LABORATORIES, INC., <br><br> Counterclaim Defendant, <br><br> and <br><br> Counterclaim Co-Defendant as to DJ counterclaims. | |

**BIO-RAD LABORATORIES, INC.'S MOTION TO COMPEL TESTIMONY AND OTHER EVIDENCE RELATING TO ADVICE OF COUNSEL CONCERNING ALLEGED NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 8,871,444**

Plaintiff Bio-Rad Laboratories, Inc. ("Bio-Rad" or "Plaintiff") hereby respectfully moves to compel testimony and other evidence relating to advice of counsel concerning alleged noninfringement and invalidity of U.S. Patent Nos. 8,871,444 (the "444 Patent"). The grounds of this motion are fully set forth in the accompanying memorandum.

*June 1, 2016 — The motion is allowed in part and denied (without prejudice) in part. Bio-Rad shall have discovery as to all communications made to bankers and other independent contractors concerning the IPO. The attorney-client privilege does not apply to those communications or, indeed, to internal communications intended to be conveyed to such entities. The motion is otherwise denied without prejudice. Counsel ought consider whether it is appropriate to draw an adverse inference from the assertion of the attorney-client privilege as is the case in Massachusetts.*

*William A. Young*
*District Judge*